## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| REVERSE MY FEES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 23-2104-KHV |
| | ) | |
| TRUE POS SOLUTIONS, INC., et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Reverse My Fees, LLC, filed suit against True POS Solutions, Inc. ("True POS") alleging violations of the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., and various related business tort claims.  See First Amended Complaint (Doc. #36) filed August 21, 2023.  True POS in turn filed a third-party complaint against Merchant Industry, LLC, alleging tortious interference with prospective business advantage and conspiracy.  See True POS Solutions And Ephantus Githinji Mwangi Answer And Affirmative Defenses To Petition For Damages (Doc. #31) filed July 31, 2023.  This matter comes before the Court on Third-Party Defendant Merchant Industry LLC's Motion To Dismiss Third-Party Complaint (Doc. #45) filed August 29, 2023 and Third-Party Defendant Merchant Industry LLC's Motion To Strike Third-Party Claims (Doc. #46) filed August 29, 2023.  For reasons stated below, the Court sustains Merchant Industry's motion to dismiss and overrules its motion to strike as moot.

## Legal Standard

When defendant files a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), Fed. R. Civ. P., plaintiff bears the burden to establish personal jurisdiction over defendant.  Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch, 750 F.3d

1178, 1179–80 (10th Cir. 2014).  At these preliminary stages of litigation, plaintiff's burden to prove personal jurisdiction is light.  AST Sports Sci., Inc. v. CLF Distrib. Ltd., 514 F.3d 1054, 1056 (10th Cir. 2008).  To defeat the motion, plaintiff need only make a prima facie showing of personal jurisdiction.  Id.  Plaintiff can do so by showing facts, through affidavit or other written materials, that if true would support jurisdiction over defendant.  Id.  When evaluating the prima facie case, the Court must resolve all factual disputes in favor of plaintiff.  Id.

## Factual Background

True POS's third-party complaint alleges as follows:

True POS is a Kansas corporation that is in the business of procuring merchant processing agreements ("MPAs").  MPAs are contracts in which a merchant agrees to use the services of a credit card processing company to process credit card purchase transactions.  When True POS secures an MPA with a merchant, it expects to receive future income from the MPA which can be in the form of sales of the MPAs to another entity, sales commissions for securing the MPAs for certain processors and potential "residual" income as a percentage of the ongoing revenue stream produced to the processor from the merchant's sales.

True POS worked with Five Star Processing, Inc. ("Five Star"), another corporation in the business of procuring MPAs, to create several portfolios of these merchant accounts.  True POS and Five Star entered into an agreement in which True POS would receive 80 per cent of any income generated by the sales of the portfolios, as well as 80 per cent of any income made by Five Star for residuals that exceeded stated monthly minimums.[1]

Five Star sold those portfolios to Reverse My Fees in a series of transactions.  Five Star and Reverse My Fees entered into an agreement regarding the performance of the portfolios.  The

---

[1]     True POS's complaint did not provide dates for these transactions or contracts.

agreement required Five Star to either add new accounts to the portfolio or pay Reverse My Fees a "shortfall payment" if the portfolio did not produce the stated minimum amount of income. If Five Star failed to provide Reverse My Fees the new accounts or make the shortfall payment, it would be in default.

Reverse My Fees sold the portfolios to Merchant Industry, a New York limited liability company. Because of the default provision in the contract between Five Star and Reverse My Fees, Reverse My Fees and Merchant Industry had an incentive to move accounts away from the Five Star portfolios to decrease the revenue generated by those portfolios. As the revenue generated decreased, the share of income due to True POS also decreased. Given this, Merchant Industry and Reverse My Fees began approaching merchants in the Five Star portfolios. They made untrue and disparaging statements about True POS to convince the merchants to leave the portfolios. This conduct allowed Merchant Industry and Reverse My Fees, but not Five Star or True POS, to continue to benefit from merchant accounts once moved out of the portfolio.

As a result of the actions of Merchant Industry and Reverse My Fees, True POS lost the 80 per cent share of the income that would have been generated by those merchants under their original MPAs over the stated minimum amounts.

## Procedural Background

On March 6, 2023, Reverse My Fees filed suit against True POS, Ephantus Githinji Mwangi, Malik S. Iqbal a/k/a Malik Shahid and Five Star, alleging violations of RICO, breach of contract and various related business tort claims.[2] See Complaint (Doc. #1).

On July 31, 2023, True POS filed a counterclaim against Reverse My Fees, a crossclaim

---

[2]     Plaintiff's first amended complaint added SignaPay, Ltd., Lydia Machelate Aligaz, Kristen Lynn Abalos and Lucas Alfredo as defendants. See First Amended Complaint (Doc. #36) filed August 21, 2023.

against Five Star and a third-party complaint against Merchant Industry and Richard Suhm.  See Answer And Affirmative Defenses To Petition (Doc. #31).  Against Merchant Industry, True POS alleges tortious interference with prospective business advantage and conspiracy.  Id.

On August 29, 2023, Merchant Industry filed a motion to dismiss the third-party complaint for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.  See Motion To Dismiss Third-Party Complaint (Doc. #45).  In addition, Merchant Industry filed a motion to strike the third-party complaint for failure to satisfy procedural requirements for impleader under Rule 14.  See Motion To Strike Third-Party Claims (Doc. #46).[3]

## Analysis

## I.     Personal Jurisdiction Over Merchant Industry

For the Court to exercise personal jurisdiction in a diversity action, True POS must show that personal jurisdiction is proper under the laws of the forum state and that doing so comports with the due process requirements of the United States Constitution.  See Newsome v. Gallacher, 722 F.3d 1257, 1264 (10th Cir. 2013).  The Kansas long-arm statute permits the exercise of any jurisdiction that is consistent with the due process requirements of the United States Constitution. See Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop., 17 F.3d 1302, 1304–05 (10th Cir. 1994); see also K.S.A. § 60-308(b)(1)(L).  Accordingly, the Court need not conduct a separate personal jurisdiction analysis under Kansas law, and instead may proceed directly to the due process inquiry under federal law.  See Niemi v. Lasshofer, 770 F.3d 1331, 1348 (10th Cir. 2014) (where long-arm statute confers maximum jurisdiction consistent with Due Process Clause, statutory inquiry effectively collapses into constitutional analysis).  The due process analysis

---

[3]     Because the Court can decide this motion under Rule 12(b)(2), the Court does not address whether the third-party complaint fails to state a claim or whether procedural requirements for impleader under Rule 14 are satisfied.

requires the Court to determine (1) whether defendant has "minimum contacts with the forum state such that [it] should reasonably anticipate being hailed into court there" and (2) if defendant's actions establish minimum contacts, whether the exercise of personal jurisdiction over it "offends traditional notions of fair play and substantial justice." AST Sports Sci., 514 F.3d at 1057.

To satisfy the "minimum contacts" standard, True POS can establish that the Court has either (1) specific jurisdiction or (2) general jurisdiction. Rockwood Select, 750 F.3d at 1179. The Court has specific jurisdiction if Merchant Industry "purposely directed" its activities at residents of the forum state, and True POS's alleged injuries "arise out of" the forum-related activities. Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1071 (10th Cir. 2008). The aim of the "purposeful direction" doctrine is to ensure that defendants are not bound to account for merely "random, fortuitous, or attenuated contacts" with the forum state. Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).

True POS asserts that this Court may exercise specific personal jurisdiction[4] over Merchant Industry based on the alleged commission of tortious acts within the meaning of K.S.A. § 60-308(b)(1)(B) that caused injury to True POS in Kansas and resulted in harmful effects felt in Kansas. An injury occurring in Kansas because of tortious activity outside the state is considered a tortious act within the state for purposes of personal jurisdiction. Thermal Components Co. v. Griffith, 98 F. Supp. 2d 1224, 1227–28 (D. Kan. 2000) (citing Taylor v. Phelan, 912 F.2d 429, 432 (10th Cir. 1990)). Nevertheless, True POS must allege sufficient facts to show purposeful direction.

When plaintiff alleges an intentional tort, the "effects test" set forth in Dudnikov is used to

---

[4]     True POS does not argue that the Court has general personal jurisdiction over Merchant Industry. The Court therefore only analyzes the existence of specific personal jurisdiction.

determine whether a defendant purposefully directed its activities to the forum state. 514 F.3d at 1072. Under this test, True POS can establish purposeful direction by showing that Merchant Industry took (1) an intentional action, that was (2) expressly aimed at the forum state with (3) knowledge that the brunt of the injury would be felt in the forum state. <u>Id.</u> To find personal jurisdiction, the test requires more than just harm which plaintiff suffered in the forum state; defendant's conduct must also connect the defendant "to the forum in a meaningful way." <u>Butler v. Daimler Trucks N. Am., LLC</u>, 433 F. Supp. 3d 1216, 1233 (D. Kan. 2020) (quoting <u>Heffington v. Puleo</u>, Case No. 17-1192-EFM, 2018 WL 690995, at *5 (D. Kan. Feb. 2, 2018)).

Mere injury to a forum resident or knowledge of plaintiff's residence in the forum state, without more, cannot establish defendant's express aim towards the forum state. <u>Walden v. Fiore</u>, 571 U.S. 277, 289, 290 (2014); <u>see also</u> <u>Eighteen Seventy, LP v. Jayson</u>, 32 F.4th 956, 970, 971 (10th Cir. 2022). To satisfy this element, the forum state itself must be the focal point of the tort. <u>Shrader v. Biddinger</u>, 633 F.3d 1235, 1244 (10th Cir. 2011) (quoting <u>Dudnikov</u>, 514 F.3d at 1074 n.9). In other words, the Tenth Circuit centers the express aiming analysis on whether defendant's allegedly tortious conduct was focused on or directed at the forum state—not on whether defendant's wrongful conduct was focused on or directed at the interests of plaintiffs who reside in or otherwise have significant connections to the forum state. <u>Eighteen Seventy</u>, 32 F.4th at 972.

True POS's allegations establish that Merchant Industry acted intentionally, and thus satisfy the first element. True POS, however, alleges no facts that establish that Merchant Industry expressly aimed its actions at Kansas.

True POS asserts claims against Merchant Industry for tortious interference with

prospective business advantage and conspiracy.  True POS's third-party complaint[5] alleges that Merchant Industry, along with Reverse My Fees, approached merchants within the portfolios and told various untrue statements in an effort to remove the account from the portfolios.  Once the account was moved out of the portfolios, True POS lost a percentage of income to which it was entitled under its original agreements with Five Star.  In addition to the lost income, True POS alleges that it incurred harm to its reputation based on the false and disparaging statements.

True POS has not alleged that Merchant Industry knew that True POS was a Kansas resident or that it otherwise took action expressly aimed at Kansas.  True POS has failed to allege the express aiming element because it only alleges that (1) it suffered harm within the forum state and (2) in making the false and disparaging statements, Merchant Industry directed its tortious acts at the financial interests of True POS.  The complaint contains no allegations that Kansas was the focal point of the tort or that Merchant Industry aimed any of the allegedly false and disparaging statements at Kansas.  Indeed, True POS presents no evidence of where these conversations occurred, to which merchants they related to or where these merchants were located.  True POS solely relies on the fact that it is a resident of Kansas and suffered harm in Kansas.  This alone does not support jurisdiction.

The Court therefore sustains Merchant Industry's motion to dismiss the third-party complaint under Rule 12(b)(2) for lack of personal jurisdiction.

## II.    Subject-Matter Jurisdiction Over The Third-Party Claim

The Court has an independent obligation to satisfy itself that subject-matter jurisdiction is proper and may dismiss the case at any stage of the proceedings if it finds subject-matter

---

[5]    True POS provided no affidavits or written materials to the Court.  To determine whether True POS establishes a prima facie case of personal jurisdiction, the Court therefore relies solely on the facts alleged in the third-party complaint.

jurisdiction lacking.  Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011); Penteco

Corp., Ltd. P'ship v. Union Gas Sys., 929 F.2d 1519, 1512 (10th Cir. 1991).

Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and

all defendants.[6]  28 U.S.C. § 1332(a); see also Dutcher v. Matheson, 733 F.3d 980, 987 (10th Cir.

2013).  The citizenship of a limited liability company for purposes of diversity jurisdiction is

determined by that of its members.  Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d

1233, 1234 (10th Cir. 2015); see also Pentair Flow Techs., LLC v. L.I. Dev. Kansas City, LLC,

No. 22-2241-JAR, 2022 WL 2290532, at *1 (D. Kan. June 24, 2022) ("To establish diversity of

citizenship with respect to the defendant LLC, plaintiff must identify its members and their

citizenship and trace the citizenship of any other members through however many layers may

exist.").

True POS has not alleged sufficient facts to establish the citizenship of Merchant Industry,

a New York limited liability company. True POS has not identified the members of Merchant

Industry or the citizenship of those members.  As such, on the face of the third-party complaint,

True POS has not alleged that the Court has subject-matter jurisdiction over this matter pursuant

to 28 U.S.C. § 1332(a).  The Court therefore dismisses this case for lack of subject-matter

jurisdiction as well as lack of personal jurisdiction.

**IT IS THEREFORE ORDERED** that Third-Party Defendant Merchant Industry LLC's

Motion To Dismiss Third-Party Complaint (Doc. #45) filed August 29, 2023 is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Third-Party Defendant Merchant Industry LLC's

Motion To Strike Third-Party Claims (Doc. #46) filed August 29, 2023 is **OVERRULED** as moot.

---

[6]    Because True POS brings claims for tortious interference with prospective business advantage and conspiracy against Merchant Industry, the Court need not address federal question jurisdiction under 28 U.S.C. § 1331.

Dated this 20th day of October, 2023 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge